UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS RIGGINS, | Civil Action No. 15-8802 (JMV) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| PATRICK C. O'HARA, JR., et al., | |
| Defendants. | |

Plaintiff is proceeding, *in forma pauperis* ("IFP"), with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. It appearing:

1. Plaintiff is a pretrial detainee awaiting trial for an unspecified criminal indictment. (ECF No. 1 at 2). In the Complaint, Plaintiff asserts claims against two individuals: Patrick C. O'Hara Jr., an attorney assigned to Plaintiff in his criminal matter, and Jennifer Sellitti, a Deputy Public Defender who assigned O'Hara to the case. (*Id.* at 4). Plaintiff asserts that O'Hara acted inappropriately at one of Plaintiff's probable cause hearings, and that he did not properly communicate or respond to Plaintiff's requests. Plaintiff further states that Sellitti is liable because she did not remedy the situation even after Plaintiff complained of O'Hara's conduct and of an alleged conflict of interest that existed. Plaintiff contends that his due process rights were violated. (*Id.* at 5-6).

2. However, neither public defenders nor private attorneys are state actors liable under § 1983, because they are not persons acting under the color of law. *See Vermont v. Brillon*, 556

U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.") (citation and quotation omitted); *Rieco v. Hebe*, No. 15-2323, 2015 WL 9583987, at *2 (3d Cir. Dec. 31, 2015) ("Public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 113 (3d Cir. 2014) ("[P]rivate defense attorney cannot be construed as a person acting under the 'color of state law' within the meaning of § 1983") (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-25 (1981)); *Bullock v. Sloane Toyota, Inc.*, 415 F. App'x 386, 389 (3d Cir. 2011) (private attorney not liable under § 1983 because plaintiff has not set forth any facts to demonstrate that her attorney was a state actor or acted under color of state law). As such, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 against Defendants, and the Complaint must be dismissed. The Court does not afford Plaintiff an opportunity to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

        s/ John Michael Vazquez
        JOHN MICHAEL VAZQUEZ
        United States District Judge

Date: 04/26/2016